## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

LINDA THORNTON, Individually ）
and as personal representative for the ）
estate of CHARLES DAVID ）
THORNTON, deceased, SIDNEY M. ）
THORNTON, and DON THORNTON, ）
                         ）
      Plaintiffs, ）
                         ）
vs. ）   Case No. CIV-05-0909-F
                         ）
T & W TIRE, L.P. and/or T & W TIRE ）
and RETREAD, INC., ）
                         ）
      Defendants. ）

## ORDER

Defendants' Motion for Summary Judgment, filed November 23, 2005 is before the court.  (Doc. no. 19.)  Plaintiffs have responded, and the motion is ready for determination.

### Standards

Under Federal Rule of Civil Procedure 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress &

Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Background[1]

This action alleges products liability, negligence, and failure to warn claims against the defendant, T & W Tire, L.P. ("T & W").[2]  (Complaint, title of Count I.) T & W is alleged to be "in the business of manufacturing and/or selling recapped tires for use by trucks and trailer rigs."  (Complaint, ¶ 2.)  The action grows out of an accident in Arkansas which resulted in the death of Charles David Thornton.  The action is brought by Linda Thornton individually and as the decedent's wife and personal representative, and by the deceased's brother and father who allege that they are statutory beneficiaries under Arkansas law.  (Complaint, ¶ 6 of Prayer.)

Plaintiffs allege that on August 24, 2002, plaintiff Linda Thornton was driving a Chevrolet Tahoe west-bound on Interstate 40 in Lonoke County, Arkansas, following a tractor which was pulling two trailers,  when "part of a tire on the truck and trailer" in front of the Thornton vehicle separated and struck the Thornton vehicle. (Complaint, ¶ ¶ 11, 12.)  Plaintiffs allege that this caused Linda Thornton to lose control of her vehicle, which caused the Thornton vehicle to roll over and eject

---

[1]This background information is not intended to constitute formal fact-findings.

[2]T & W's motion (at defendant's uncontroverted fact no. 4) states that as between the sued entities, T & W Tire, L.P. is the only entity which exists, an uncontroverted fact which the court takes as established.

-2-

Charles David Thornton resulting in his death, and injuring Linda Thornton. (Complaint, ¶¶ 12, 16.)

Related litigation is pending in the federal district court for the Eastern District of Arkansas, Western Division.

<u>Fact-Findings</u>

The court finds that the following facts are uncontroverted, and therefore established, for purposes of this motion.[3]

The accident which is the subject of this action occurred on or about August 24, 2002.

On March 28, 2003, this action was originally filed in federal court in the Eastern District of Arkansas, Western Division, as Case No. 4-03-CV-00220.  As originally filed in Arkansas, the action alleged claims against "John Doe Recapping Company."

T & W Tire, L.P. was first named as a defendant in the Arkansas action on March 31, 2005, when a First Amended Complaint was filed in that action.  Prior to that time, T & W had no knowledge, nor could it have known, of any claim by the

_____

[3]Plaintiffs' response brief does not reference of any of the defendant's proposed undisputed facts by number.  The only one of defendant's facts which plaintiffs' own "Statement of Uncontroverted Facts" appears to dispute is defendant's fact no. 3 (supported by Mr. Wilson's affidavit, Exhibit "C" to motion) that defendant had no knowledge of plaintiffs' claims until March 31, 2005.  In this regard, plaintiffs argue that "Defendant knew that its product would be used in the State of Arkansas and that it was foreseeable that, if its product was defective or negligently manufactured, resulting injury and damages could occur in the State of Arkansas."  (Response brief, p. 2.) Plaintiffs' contention, however, is not supported with any evidence.  It may also be inconsistent with findings implicit in Judge Holmes' Order dismissal Order.  For these reasons, all of defendants' proposed undisputed facts are deemed admitted.  See LCvR56.1(c).  In stating its fact-findings, the court also takes judicial notice of judicial facts concerning the Arkansas action.

plaintiffs that a tire retreaded by T & W was allegedly defective or caused the accident in question. Accordingly, T & W was not named as a defendant in the Arkansas lawsuit within two years following the accident and T & W had no notice of this lawsuit within two years following the accident.

After being named as a defendant in the Arkansas action, T & W moved that court to dismiss it on the ground that Arkansas had no personal jurisdiction over T & W.  The Honorable J. Leon Holmes  granted T & W's motion to dismiss on August 5, 2005, dismissing T & W from the Arkansas action for lack of personal jurisdiction.

On August 9, 2005, a few days after the dismissal, the plaintiffs in the Arkansas lawsuit filed the instant lawsuit against defendant "T & W Tire, L.P. and/or T & W Tire and Retread, Inc.," alleging largely the same claims against T & W as had been previously alleged against that party in the Arkansas action.  Accordingly, the instant action was not filed against T & W in Oklahoma within two years following the accident.

From these facts it necessarily follows, that while T & W did not have notice of the claims against it and was not sued in any forum within two years following the accident, T & W did have notice of plaintiffs' claims and was sued in this action in Oklahoma within three years following the accident.

Finally, the court presumes certain matters which are arguably a mix of fact-findings and legal conclusions.  For purposes of this motion, the court finds and concludes that Arkansas is the state with the most significant relationship to the underlying occurrence (the accident) and to the parties.[4]  This determination favors plaintiffs' position as the non-movant, and, in any event, this determination appears

---

[4]Plaintiffs argue that the accident occurred in Arkansas, that the plaintiffs are residents of Arkansas, that the decedent was a resident of Arkansas, that the accident was investigated in Arkansas, and that medical care providers are from Arkansas.

from the briefing to be undisputed. Consistent with this determination, the court further finds and concludes that the claims alleged in this action accrued in Arkansas. Based on the parties' positions as stated in their briefs, this determination also appears to be undisputed.

Discussion

The briefing indicates all parties' understanding that, if applicable, the Arkansas limitations period is three years, and that, if applicable, the Oklahoma limitations period is two years. The briefing also indicates the parties' understanding that if it is the Arkansas statute of limitations which applies to this action rather than Oklahoma statute of limitations, this action is barred as untimely. Thus, the issue presented for determination is a conflicts of law question: does Oklahoma's two-year statute of limitations, or Arkansas' three-year statute of limitations, apply?[5]

Plaintiffs argue that "in a situation involving a conflict of law, the rights and liabilities of the parties, with respect to torts, shall conform to the laws of the state that has the most significant relationship to the occurrence and the parties." (Response brief, p. 3.) As a general proposition, plaintiffs are correct. Brickner v. Gooden, 525 P.2d 632, 637 (Okla. 1974). When it comes to conflict of laws questions concerning limitations, however, different rules apply.

First, even if there is no "borrowing statute" (such as 12 O.S. § 105, discussed next) or other statute to consider so that common law choice of law principles control, in Oklahoma, when the question is which state's limitations period applies, choice of

---

[5]Plaintiffs do not dispute defendant's arguments 1) that the "John Doe" pleadings employed by the plaintiff in the Arkansas action do not provide a basis for a relation back under Fed. R. Civ. P. 15(c); or 2) that the Oklahoma's "savings" statute, 12 O.S. § 100, does not apply in this case. Those arguments have been confessed, and this Order need not address them. See LCvR7.2(f)(motion not opposed within 18 days may be confessed in the discretion of the court).

law principles hold that it is ordinarily the limitations period of the forum state which applies rather than the limitations period of the state with the most significant contacts.  Western Natural Gas Company v. Cities Service Gas Company, 507 P.2d 1236, 1242 (Okla. 1972).[6]

Second, as alluded to above, it should be obvious that common law principles do not apply to the extent that they have been supplanted by statute.  One such conflicts of law statute is Oklahoma's borrowing statute, 12 O.S. §105,  "[t]he essential function" of which "is to determine which statute of limitations will control as between different statutes in different jurisdictions."  Reinhard v. Textron, Inc., 516 P.2d 1325, 1327 (Okla. 1973).  Title 12 O.S. § 105 statues, in full, as follows.

> The period of limitation applicable to a claim accruing outside of this state shall be that prescribed either by the law of the place where the claim accrued or by the law of this state, whichever last bars the claim.

Indicating their agreement that § 105 applies in this action, plaintiffs state, for example, that § 105 is a law which has been "specifically promulgated" by the Oklahoma legislature to address conflicts problems like those presented here. (Response brief at p. 3)  Plaintiffs make this point, then go on to state that § 105 "undisputably" requires the court to apply the limitations period which last bars the claim, i.e. the three-year Arkansas period.  (Response brief, p. 4.)  Defendants also argue  that § 105 governs, but their position is that when a defendant is not subject to

---

[6]There is an exception for limitations periods which are substantive rather than procedural, which some of the claims in this action may be (for example, claims under the Arkansas wrongful death statute, a statute which includes a three-year limitations period).  Plaintiffs have not made that argument, however, so the court need not address it.  Moreover, to prevail on that argument, plaintiffs would first have to convince the court that the argument is available in a case like this one  in which the parties agree that 12 O.S. § 105 applies and in which the court concludes that Western Natural Gas Company (discussed in detail later in this Order) controls.

suit in the state where the claim accrued, then <u>Western Natural Gas Company v. Cities Service Gas Company</u>, 507 P.2d 1236 (Okla. 1972) limits the options which would otherwise be available under § 105.  In short, the parties agree that § 105 applies because they agree that the instant claims accrued outside of this state (the condition of the first clause of § 105), but they disagree as to the proper interpretation of § 105, each side arguing that statute requires a result in their favor.

Given the importance of <u>Western Natural Gas Company</u> to the issue before the court, review of that decision is necessary.  An earlier version of § 105 was before the Oklahoma Supreme Court in <u>Western Natural Gas Company</u>.  That version provided that the shorter of the two competing limitations periods, rather than the longer as is now the case, applied to a claim accruing outside this state.[7]  Under the prior version of §105, the defendant in <u>Western Natural Gas Company</u>, Cities, argued that the plaintiff, Western, had alleged and proven that Western's claim accrued in the District of Columbia; therefore, Cities argued, under § 105, the Court should apply the shorter of the limitations periods as between the law of the District of Columbia and Oklahoma, with the result that D.C.'s shorter statute of limitations would apply rather than Oklahoma's five-year statute.  <u>Western Natural Gas Company</u>, 507 P.2d at 1242. Plaintiff Western countered by arguing that because defendant Cities did not transact business in the District of Columbia, Western's claim could not be asserted against Cities in the District of Columbia so that Western's claim could not be said to accrue there,[8] with the result that D.C.'s shorter statute of limitations was not available.  *Id.*

---

[7]The 1970 amendment substituted "last" for "first" so that § 105 now provides that the longer of the two possible limitations periods applies.

[8]None of the parties in this action make the argument made by Western in <u>Western Natural Gas Company</u>, that a claim cannot be said to accrue within the meaning of § 105 in a state where the defendant cannot be sued, an argument pursuant
(continued...)

The Oklahoma Supreme Court did not state whether it agreed or disagreed with all of plaintiff Western's reasoning, but it reached the result which Western urged, determining that D.C. law could not be borrowed under § 105.  In reaching this conclusion the Oklahoma Supreme Court noted that Kansas, "in applying the Kansas 'borrowing statute,'" had "held that the limitation laws of another state, otherwise applicable, cannot be said to apply if the defendant cannot be summoned there and they do apply if defendant can be summoned there."  *Id*.  The Oklahoma Supreme Court then stated that it had "never passed upon this precise question" and concluded "that Kansas and other states, adhering to this same rule, have reached a sound result." *Id*. at 1243.  The Oklahoma Supreme Court then stated its final conclusion regarding the proper interpretation of 12 O.S. §105, as follows.

> We see no reason to conclude that the Oklahoma Legislature in enacting Chapter 98, Laws of 1965 [codified as 12 O.S. §105], intended to borrow the limitation law of a jurisdiction in which the defendant cannot be summoned.

*Id.*  It is this language which defendant T & W relies on, arguing that although on its face § 105 appears to require application of the three-year Arkansas period as the longer of the two periods, the Arkansas limitations period is not actually available

---

[8](...continued)
to which § 105 would have no application at all. To the contrary here, as has already been explained, all parties argue that § 105 dictates a result in their favor.  Regardless, in Western Natural Gas Company, the Oklahoma Supreme Court neither approved nor disapproved Western's argument that a cause of action cannot accrue in a state where the defendant cannot be summoned.  Rather, Western Natural Gas Company refers to the Kansas decisions which "*apply* the Kansas 'borrowing statute'"to reach the result that they do, suggesting that the Oklahoma Supreme Court likewise applied § 105 in reaching the result that it did in that decision.  Western Natural Gas Company, 507 P.2d at 1242-43 (emphasis added).  *See also*, 12 O.S. §104, defining "claim" as that term is used in the Act, as "any right of action *which may be asserted* in a civil action or proceeding...." (emphasis added).

here because T & W is not subject to suit in Arkansas, with the result that Oklahoma's two-year statute of limitations necessarily applies.

Other than citing a federal venue case which is not on point,[9] the only response which plaintiffs make to defendant's reliance on <u>Western Natural Gas Company</u>, is plaintiffs' statement that: "The Defendant relies on dicta cited in a contract case that merely references a Kansas case. It was not the holding in <u>Western</u> that Oklahoma law should apply because of the jurisdictional position of the parties." (Response brief, p. 6.) This response encompasses several arguments, none of which plaintiffs develop in their brief, but which, out of an abundance of caution, this Order nevertheless addresses.

First, plaintiffs' attempt to distinguish <u>Western Natural Gas Company</u> on the ground that <u>Western Natural Gas Company</u> is a contract case is a distinction without a difference. Plaintiffs have presented no reason why this distinction might be significant and nothing in <u>Western Natural Gas Company</u> suggests that the reasoning in that case would have been any different had it been a tort case.

Second, plaintiffs' argument that <u>Western Natural Gas Company</u> is not controlling because it "merely references a Kansas case" is frivolous; the Oklahoma Supreme Court can rely on whatever guidance it chooses. Moreover, the argument gives short shrift to the Oklahoma Supreme Court's consideration of the issues in

---

[9]Plaintiffs cite <u>Hatchett v. K & B Trans., Inc.</u> 263 F. Supp. 2d 1315 (W.D. Okla. 2003) but that case is not helpful. <u>Hatchett</u> was decided according to the rules which govern venue transfers under 28 U.S.C. § 1404(a), and nothing in that case pertains to the operation of 12 O.S. §105. <u>Hatchett</u> applied the rule that in cases transferred pursuant to 28 U.S.C. § 1404(a), the transferee court applies the law which was applicable in the transferor court, which in <u>Hatchett</u>, was the law of Nebraska. <u>Hatchett</u>, 263 F. Supp. 2d at 1317. (The defendant in <u>Hatchett</u>, who was subject to the longer, Nebraska limitations period, was a Nebraska corporation. <u>Hatchett</u> <u>id</u>. at n.4.)

Western Natural Gas Company.  The Kansas case which the Oklahoma Court relies on most heavily is Bruner v. Martin, 93 P.165 (Kan. 1907).  Bruner notes that the Oklahoma borrowing statute "is copied literally from the Kansas statute." Bruner, 93 P. 165 at 166.

Finally, to the extent that plaintiffs argue the critical language from Western Natural Gas Company is merely dicta, this court comments as follows.  It is true that by the point in the opinion where the Oklahoma Supreme Court takes up the parties' arguments regarding § 105, the Court had already stated its conclusion that "a cause of action is stated by Western against Cities that is not barred by the Oklahoma 5 year statute of limitation...because the continuing duty of Cities to make a full and fair disclosure was violated allegedly from day to day...." Id. at 1242.  However, as a statute which governed which state's limitations law applied when a claim accrued outside Oklahoma as the claim in Western Natural Gas Company did, § 105 had to be addressed by the Court as a preliminary matter, in order to determine whether it was Oklahoma limitations law or  District of Columbia limitations law which applied. Even if this were not so, it is clear from the discussion regarding § 105 that the Court considered its pronouncement that the Oklahoma Legislature, in enacting § 105, did not intend to borrow the limitations law of a jurisdiction in which the defendant could not be summoned, as a statement which was integral to the issues.  Western Natural Gas Company,  507 P.2d at 1243.

Plaintiffs have not shown any reason why Western Natural Gas Company should not apply here.  The court concludes that Western Natural Gas Company governs and that the decision means what it says, the gist of which is that, in applying § 105, a court cannot borrow the limitations period of a state where the defendant is not subject to suit.  This interpretation of Western Natural Gas Company protects defendants in Oklahoma actions from lawsuits which are time-

barred in Oklahoma, when defendants are not subject to suit in the state whose longer limitations law plaintiffs would otherwise seek to impose under §105.  It is this protection which T & W properly invokes here.

To recap, the parties agree that 12 O.S. § 105 applies because the claims alleged in this action accrued in Arkansas.  T & W is not subject to suit in Arkansas, however, which means,   under <u>Western Natural Gas Company</u>, that Arkansas's three-year statute of limitations is not available to be borrowed via § 105.  This leaves Oklahoma's two-year statute of limitations as the applicable statute of limitations, with the result that this action is time-barred as a matter of law.

<u>Conclusion</u>

Having carefully considered the parties' submissions, the record evidence, the pleadings, and the relevant authorities, the court determines that there are no genuine issues of material fact with respect to whether this action is time barred.  It further determines that the Oklahoma statute of limitations applies to this action, and that this action is, therefore, time-barred as a matter of law.  Therefore, the Motion for Summary Judgment of defendant T & W Tire, L.P. (and/or T & W Tire and Retread, Inc.) is **GRANTED**.

Dated this 20th day of January, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-0909p008(pub).wpd